```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                      SOUTHERN DIVISION
```

TAELOR N. BARNES, Individually,
and TAELOR N. BARNES, as                    Case No.
Personal Representative of the              Hon.
Estate of William L. Taylor,
Deceased,

                Plaintiff,

vs.

WAYNE COUNTY, ALICE SMITH,
DR. JOHN RESTUM, DR. JOHN LYLE,
LISA HINCHMAN, LISA WITOWSKI,
APRIL WILLIAMS, SHERRY MCCAA,
DR. DLUGOKINSKI, JOHN DOE,
Residential Classification Officer,
all employees of WAYNE COUNTY,
each in their individual and
official capacities, jointly and
severally,

                Defendants.
_____/
ARNOLD E. REED & ASSOCIATES, P.C.
ARNOLD E. REED (P46959)
PAMELA L. RICE (P75243)
Attorneys for Plaintiff
32255 Northwestern Hwy., Ste. 251
Farmington Hills, MI 48334
(248) 855-6330
_____/

    There is no file in this Court between these parties or other parties arising out of the same transaction or occurrences as alleged in this Complaint.

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff, by and through the Law Offices of Arnold E. Reed & Associates, P.C., and for her complaint against the above-named Defendants brought on behalf of the Deceased, each in their individual and official capacities, jointly,

severally or in the alternative, state and avers as follows:

**PRELIMINARY STATEMENT**

1. That this is a civil rights action brought pursuant to 42 U.S.C. § 1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against the named Defendants herein. Plaintiff seeks compensatory and punitive damages from the Defendants for violating her constitutional rights to be free from any and all acts and/or omissions that are deliberately indifferent. In addition, Plaintiff brings this action for Defendants deliberately, indifferently and unjustifiably denying Plaintiff-Decedent access to medical care/ psychological treatment when it was obvious that Plaintiff was intending to do great bodily to other inmates and/or harm himself. In addition, the instant cause of action is brought inasmuch as the constitutional violations described herein were committed by the individual Defendants herein, while acting under color of law and were the result of policies, practices and customs of the County of Wayne, and the balance of the Defendants named herein who are employees of the Wayne County Jail and/or Wayne County.

**JURISDICTION AND VENUE**

2. That the United States District Court has jurisdiction pursuant of 28 U.S.C. § 1331 and 1343. Proper venue lies in the

2

Eastern District of Michigan pursuant to 28 U.S.C. § 1391.

3. That the unlawful actions complained of herein were committed in the Southern Division of the Eastern District of the State of Michigan.

4. That the County of Wayne along with the other named Defendants, had a long history of condoning denial of medical treatment to inmates in general but particularly the Plaintiff which was facilitated and carried out by its employees in general but specifically as more particularly set forth below.

## THE PARTIES

### TAELOR N. BARNES, APPOINTED PERSONAL REPRESENTATIVE, MAY 14, 2012, RESIDENT OF HAMILTON, ALABAMA

5. That at all times relevant hereto, Plaintiff is a United States Citizen and a resident of Detroit, specifically, the Detroit Wayne County Jail.

6. That at all times relevant to this complaint, Defendant, County of Wayne is a county organized as a municipal corporation existing under the laws of the State of Michigan, and at all relevant times hereto, each of the Defendants hereto were acting in the capacity of agents and/or employees of said Defendant.

7. That at all relevant times to this complaint, the balance of the Defendants named herein were employees of Defendant Wayne County and were acting within the scope of their employment and under color of law.

3

8. That each of the Defendants named herein are being sued in their individual and official capacities, jointly and severally.

9. That the liability of each of the Defendants is based upon 42 U.S.C. § 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution for which no qualified immunity exist.

10. That all events, transactions and occurrences relevant hereto transpired within the County of Wayne, City of Detroit, State of Michigan.

11. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, to wit: Ten Million Dollars, well above the jurisdictional requirement.

**FACTS**

12. That on December 9, 2011, Plaintiff-Decedent was booked on a criminal charge with Assault With Intent to Murder, and subsequently was committed to the Wayne County Jail.

13. That following a trial by jury, Plaintiff-Decedent was convicted of the charged offense, Assault With Intent to Murder.

14. That Plaintiff-Decedent had a history of mental illness including but not limited to depression, insomnia, impulsivity, attention problems and alcohol abuse.

15. That while incarcerated, and under the care, custody and control of the named Defendants herein, on April 6, 2012,

Plaintiff-Decedent attempted suicide by hanging.

16. That after being discovered hanging, Plaintiff-Decedent was rushed to Detroit Receiving Hospital and given treatment.

17. That several hours after arriving at Detroit Receiving Hospital, Plaintiff-Decedent was released with discharge instructions specifically alerting each of the named Defendants that Plaintiff-Decedent was suffering from suicidal ideation and that the Defendants needed a plan that would safe guard the Plaintiff-Decedent in case the Plaintiff attempted to act upon these suicide ideations.

18. That in spite of the instructions from Detroit Receiving Hospital, the Defendants failed to develop a mental health plan including treatment that would insure Plaintiff would not make further attempts to harm himself or others.

19. That Defendants knew that Plaintiff-Decedent was a high risk for injurious and/or suicidal behavior but failed to develop any type of mental health plan that would have safeguarded the life and liberty of the Plaintiff.

20. That when Plaintiff-Decedent returned from Detroit Receiving Hospital, the Plaintiff was on continuous observation status as well as in the mental health unit of the Wayne County Jail for only three (3) days, in which time, he received no psychological medications, counseling or other medical

5

intervention with regard to his care and treatment.

21.  That on or about April 9, 2012, Plaintiff-Decedent was removed from his continuing observation status and placed back into general population by each of the Defendants who acquiesced, and/or agreed with such measures, knowing that Plaintiff-Decedent was a high risk suicide individual and thereby capable of taking his own life.

22.  That Defendants named herein agreed and acquiesced into letting the Plaintiff-Decedent return to general population and be removed from continuing observations status in spite of the lack of medical care and treatment being provided to Plaintiff-Decedent to allow him to cope and handle his suicidal ideations.

23.  That Plaintiff-Decedent did not want to return to general population but was forced to pack his belongings, and move into general population.

24.  That the day Plaintiff-Decedent was moved to general population and taken off continuing observation status, none of the named Defendants counseled or provided medical attention or therapeutic services to the Plaintiff-Decedent prior to his removal out of the mental health unit and back into general population.

25.  That before, during and after his return to general population and removal from continuous observation status, the

6

Plaintiff-Decedent repeatedly wrote letters and communicated to Defendants and others, his suicidal ideations and that he was going to kill himself the first opportunity he got because he was depressed about his conviction and had already spent the better part of 20 years in prison for a previous offense and was finally going home to join his father.

26. That on April 22, 2012, Plaintiff-Decedent while off continuous observation status and in general population, committed suicide by hanging at the Wayne County Jail.

## COUNT I

### § 1983 – DEFENDANT WAYNE COUNTY

27. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

28. That the County of Wayne through the Defendants acting as its agent and/or employees and within the scope of their employment, have established a practice, policy or custom which directly and proximately caused the injuries and harm suffered by Plaintiff-Decedent as more fully stated throughout this complaint by including but not limited to:

    A.    Deliberately failing to adequately provide, supervise or train the Defendants in the safe and proper methodologies of providing medical care or adequate care and treatment to inmates housed within the Wayne County Jail in general but in particular the Plaintiff; and

7

  B. Deliberately failing to train its employees including Defendants herein in recognizing when an inmate may be suffering from depression and other mental issues, including suicidal ideations in recognizing that without adequate medical care and treatment including therapeutic services, said inmate in the position of Plaintiff including Plaintiff-Decedent will attempt to take their lives or do other harm, injury and damage to themselves while under the care, custody and control of the Defendants.

  C. That the County of Wayne knew or should have known that many arrestees or detainees and/or inmates in general but in particular, Plaintiff-Decedent suffered from the mental and emotional issues as described herein, and that he/they faced a substantial risk of serious harm to his health and safety if denied medical treatment, care and therapeutic services by inadequately trained employees such as the Defendants in question.

  29. That the County of Wayne's practice, policy, or custom, of failing to provide adequate medical care/treatment to its inmates in the position of Plaintiff as set forth more fully above, was the moving force that did deprive Plaintiff-Decedent and other victims of their rights, privileges, or immunities secured under the Constitution and laws of the Untied States and 42 U.S.C. § 1983, including Plaintiff's and other inmates right to be free from deliberate indifference to their serious medical needs, which were obvious to a lay person as guaranteed by Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

  WHEREFORE, Plaintiff demands judgment against the County of Wayne for compensatory and/or punitive damages in whatever

amount the jury may determine, plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II

## § 1983 - DEFENDANT EMPLOYEES

30. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

31. That each of the named Defendants herein are in violation of the due process clause of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

32. That pursuant to 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendment to the United States Constitution, the Defendants owed Plaintiff-Decedent a duty to act prudently and with reasonable care and to otherwise avoid exposing Plaintiff to an unreasonable risk of harm through depriving Plaintiff of his right to life, liberty or property without due process of law.

33. That Defendants violated Plaintiff-Decedent's right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution and to be free from Deliberate Indifference to all of said rights by unjustifiably denying Plaintiff medical treatment and access to medical treatment when it was known and obvious that Plaintiff was a

9

threat to others, a suicide risk and a risk in general to do imminent bodily harm to himself and was clearly in need of psychological intervention, therapeutic intervention and other medical intervention including proper dispensing of medication that would have treated Plaintiff-Decedent's suicidal ideations and other mental psychosis of the Plaintiff-Decedent.

34. That Defendants in the wake of Plaintiff-Decedent's death, fabricated official accounting documents and/or omitted official information, thereby giving false account regarding the facts and circumstances surrounding the death of the Plaintiff-Decedent; for example including but not limited to making false claims and allegations that they were not aware that the Plaintiff-Decedent was transferred from the Mental Health Unit, taken off continuous observation and placed in general population.

35. That each of Defendants together, disregarded all recognized and correct policies and procedures including but not limited to the failure to immediately procure and provide medical attention to the Plaintiff-Decedent.

36. That the deprivation of medical attention caused further acute pain and suffering, mental and emotional which could have been avoided if Defendants would have allowed Plaintiff-Decedent access to medical care and treatment.

37. That the Defendants violated Plaintiff-Decedent's constitutional rights in the following ways including but not limited to:

- A. Improper and unreasonably failing to secure immediate medical attention for Plaintiff-Decedent;

- B. Failing to follow proper rules and procedures for persons in the position of Plaintiff-Decedent who have suicidal ideations and who have previously attempted suicide and are at a high risk for suicide;

- C. Any and all additional facts that may become known through the course of discovery including but not limited to:

    - i. Intentionally and purposely engaging in the preparation of unprofessional and unethical medical evaluations of the Plaintiff-Decedent;

    - ii. Failing to review and follow discharge instructions and information from Detroit Receiving Hospital regarding the suicidal tendencies and suicidal plan for the Plaintiff-Decedent;

    - iii. Failing to thoroughly ask questions and probe psychologically into the exact nature regarding the suicide attempt by said Plaintiff;

    - iv. Failing to inquire from a medical perspective and ask direct questions to the Plaintiff-Decedent;
    - v. Failing to develop and implement a medical and safety care plan prior to the transfer of Plaintiff-Decedent out of continuous observation status and mental health unit into the general population;

    - vi. Failing to document medical history and follow-up medical treatment that should have occurred on April 13th-22nd, 2012; and

11

      vii. Failing to provide the Plaintiff-Decedent with therapeutic and medical services necessary to assist him with the development of an adequate suicide prevention plan.

D. Any and all additional actions that may become known through the course of discovery.

38. That on April 13, 2012, Plaintiff-Decedent after seeing Dr. Lyle, was transferred to the mental health outpatient unit without appropriate suicide and medical assessments including treatment. And further, such a move was acquiesced to, and agreed upon and sanctioned by each and every Defendant named herein which provided the lethality means for Plaintiff-Decedent to engage in self-injurious behavior.

39. That as a direct and proximate result of the actions of the Defendants named herein, the Plaintiff-Decedent has suffered the injuries and damages as complained of and set forth more fully herein.

## COUNT III

### 28 U.S.C. § 1983 SUPERVISORY LIABILITY AND FAILURE TO PROVIDED MEDICAL CARE

40. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

41. That Defendant Dr. John Restum, the Director of the Wayne County Mental Health Division is hereby liable to the Plaintiff under 42 U.S.C. § 1983 because the acts complained of

12

herein demonstrate a Deliberate Indifference to Plaintiff's constitutionally protected rights as enumerated herein, of which he sanctioned, agreed to and/or directly participated in.

42. That Defendant Dr. John Restum at all times relevant hereto, was/is in charge of all the named Defendants herein and by his or her own actions and through his actions caused or directly contributed to the acts which lead the Plaintiff-Decedent being deprived of his life and due process rights, including medical attention.  In fact, the Defendant by his own acquiescence in the conduct and behavior of others named herein, caused Plaintiff to be deprived of adequate medical attention and other civil rights in violation of the United States Constitution.

43. That as a supervisor of the Wayne County Jail and the named Defendants who were acting under the scope of their employment, the Defendants had a duty to protect Plaintiff-Decedent from any harm, injury or damages that would occur by any acts and/or omissions that he knew or should have known. And further, to not subject Plaintiff to any deprivation of his constitutional rights pursuant to the United States Constitution.

44. That Defendants actions as described herein lead to the death of Plaintiff as well as other constitutional deprivations complained of herein.

WHEREFORE, Plaintiff claims actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to wit, Ten Million Dollars which he is found to be entitled, together with costs, interest and attorney fees.

### COUNT VI

### WRONGFUL DEATH, DEPRIVATION OF LIFE AND LIBERTY PURSUANT TO THE DUE PROCESS CLAUSE OF THE FOURTH AND FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

45. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

46. That pursuant to 42 U.S.C. § 1983 and the amendments referenced herein, mainly the Fourteenth Amendment to the United States Constitution, Defendants owed Plaintiff a duty to act prudently and with reasonable care and to otherwise avoid exposing Plaintiff to unreasonable risk of foreseeable harm through depriving Plaintiff of his right to life to adequate medical attention and care without due process of law.

47. That each named Defendant disregarded all recognized and correct medical and jail procedures prohibiting the denial of medical attention when the need for such medical attention was obvious and serious such that a lay person would have recognized the necessity of same.

48. That the Defendants violated the Plaintiff's Constitutional rights in the ways enumerated herein.

14

49. That as a direct and proximate result of the actions of the Defendants as fully described herein, the Plaintiff and all legal heirs of the Estate did and will continue to suffer damages including but not limited to the following:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Conscious pain and suffering;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts and other valuable gratuities;

    f. Loss of love, society and companionship;

    g. Emotional pain and suffering;

    h. Any and all exemplary, compensatory and punitive damages available under Michigan federal law;

    i. Any and all damages properly recoverable under Michigan Wrongful Death Statute, **MCL** Section 600.2922; and

    j. Any and all punitive damages allowed.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally for compensatory damages and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to wit, Ten Million Dollars, plus costs of this action, attorney fees and other such relief as the court deems fair and appropriate under the circumstances.

    **PLAINTIFF DEMANDS A JURY TRIAL.**

```
                                s/Arnold E. Reed
                                ARNOLD E. REED & ASSOCIATES, P.C.
                                Attorney for Plaintiff
                                32255 Northwestern Hwy., Ste. 251
                                Farmington Hills, MI 48334
                                (248) 855-6330
                                arnoldreed@earthlink.net
                                (P46959)
```