UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAELOR N. BARNES, Individually,   Case No. 12-cv-14368
And TAELOR N. BARNES, as          Hon. Robert H. Cleland
Personal Representative of the    Magistrate Mark A. Randon
Estate of WILLIAM L. TAYLOR, deceased,

    Plaintiff,

v.

WAYNE COUNTY, ALICE SMITH,
DR. JOHN RESTUM, DR. JOHN LYLE,
LISA HINCHMAN, LISA WITOWSKI,
APRIL WILLIAMS, SHERRY MCCAA,
DR DLUGOKINSKI, JOHN DOE,
Residential Classification Officer,
all employees of WAYNE COUNTY,
each in their individual and official
capacities, jointly and severally,

    Defendants.
_____

| | |
|---|---|
| ARNOLD E. REED (P46959) | ZENNA ELHASAN (P67961) |
| PAMELA L. RICE (P75243) | Wayne County Corporation Counsel |
| Arnold E. Reed & Associates, P.C. | By: SUE HAMMOUD (P64542) |
| Attorneys for Plaintiff | Attorney for Defendants |
| 32255 Northwestern Hwwy., Ste. 251 | 500 Griswold, 11th Floor |
| Farmington Hills, MI 48334 | Detroit, MI 48226 |
| (248) 855-6330 | (313) 224-6669 |
| | shammoud@co.wayne.mi.us |

_____

## DEFENDANTS' ANSWER TO COMPLAINT

**NOW COME**, Defendants, **WAYNE COUNTY, ALICE SMITH, DR. JOHN RESTUM, LISA HINCHMAN, LISA WITOWSKI, APRIL WILLIAMS, CHERRY MCCAA, and DR. DLUGOKINSKI** and for their Answer to Complaint state as follows:

1. Defendants admit the allegations reflected in Paragraphs 12, 13, and 16 of Plaintiff's Complaint.

2. Defendants deny each and every allegation of Paragraphs 3, 4, 6, 9, 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, including sub-paragraphs A.-C., 29, 31, 33, 34, 35, 36, 37, including sub-paragraphs A.-D., 38, 39, 41, 42, 43, 44, 46, 47, 48, and 49, including sub-paragraphs a.-j., of Plaintiff's complaint; Defendants further deny Plaintiff's request for relief in its entirety.

3. Defendants deny having sufficient knowledge or information upon which to form a belief regarding the allegations of Paragraphs 1, 5, 7, 8, 10, 11, 14, 15, and 26 of Plaintiff's complaint and leaves Plaintiff to proof thereof.

4. The assertions reflected in Paragraphs 32, 43, and 46 of Plaintiff's complaint constitute conclusions of law for which no response is required.

5. The assertions reflected in Paragraphs of 27, 30, 40, and 45, of Plaintiff's complaint do not constitute a factual allegation and therefore require no response.

**WHEREFORE IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to the Defendants.

Respectfully submitted,

**s/ Sue Hammoud**
Wayne County Corporation Counsel
500 Griswold, 11th Floor
Detroit, MI 48226
(313) 224-6669
shammoud@co.wayne.mi.us
Attorney Bar No. 64542

Dated: November 15, 2012

**SPECIAL AND AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

2. AND FURTHER, Defendant asserts as an affirmative defense that Plaintiff has failed to mitigate damages.

3. That any injury to Plaintiff was due to and caused by the negligence and/or omission of the Plaintiff to care for himself which carelessness and/or negligence and/or omissions were the proximate cause of the damage, if any, to the Plaintiff.

4. That Wayne County is governmentally immune from tort liability for injuries arising out of the exercise or discharge of non-proprietary governmental functions which are expressly or impliedly mandated or authorized by constitution, statute or other laws.

5. To the extent it predicate County liability upon state tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. To the extent it predicates County liability upon vicariously asserted state law tort theories of recovery, Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

7. To the extent it reflects state tort law claims arising from alleged intentional torts committed as the result of negligent or grossly negligent conduct, Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

8. Wayne County is not vicariously liable for the allegedly tortious conduct of its employees which Plaintiffs claim resulted in deprivations of federally protected rights.

9. Plaintiffs' claims are barred by the wrongful conduct doctrine for the reason that his criminality was the proximate cause of the alleged injury.

10. Wayne County's policies, practices and customs did not violate any clearly established right protected by the United States Constitution or the Michigan Constitution.

11. Wayne County's policies and customs do not demonstrate a deliberate indifference to any federally protected right.

12. AND FURTHER, that Plaintiffs have failed to state a claim pursuant to 42 USC § 1983 by failing to identify any clearly established constitutional rights which were allegedly violated.

13. At all relevant times Defendants acted with good faith and are therefore immune to liability regarding Plaintiff's federal claims.

14. To the extent Defendants did not violate any recognized constitutionally protected rights inuring to Plaintiff, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

15. To the extent Defendants acted in a reasonably objective manner, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

16. To the extent that it is discovered that the alleged incident did not occur on the date stated in their Complaint, Plaintiff's claims are barred by the applicable statute of limitations.

17. To the extent it predicates individual liability upon directly asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

18. To the extent it predicates individual liability upon vicariously asserted state law theories of recovery, Plaintiff's complaint fails to state a claim upon which relief may be granted.

19. To the extent it predicates individual liability upon vicariously asserted constitutionally predicated theories of recovery, Plaintiff's complaint fails to state a claim upon which relief may be granted.

20. To the extent it alleges a violation of 42 USC sec. 1983, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## RELIANCE ON JURY DEMAND

Defendants hereby state their reliance upon Plaintiff's demand for trial by jury.

## RESERVATION OF AFFIRMATIVE DEFENSES

The Defendants in the above-entitled cause, by and through the undersigned attorney, not waiving any deficiency or omission in any pleadings heretofore or hereafter filed by any other party hereto, hereby reserves the right to assert and file any affirmative and special defense as may become known by discovery proceedings in accordance with the rules and practices of this Court in such case made and provided, or otherwise.

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

Defendants demand Plaintiff join in this action all claims Plaintiff may have against any Defendants arising from the subject matter of this action and which do not require for adjudication the presence of third parties over whom the court cannot exercise jurisdiction.

**WHEREFORE IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to the Defendants.

Respectfully submitted,

**s/ Sue Hammoud**
Wayne County Corporation Counsel
500 Griswold, 11th Floor
Detroit, MI 48226
(313) 224-6669
shammoud@co.wayne.mi.us
Attorney Bar No. 64542

Dated: November 15, 2012

## CERTIFICATE OF SERVICE

**SUE HAMMOUD,** certifies that on November 19, 2012, she served a copy of **DEFENDANTS' ANSWER TO COMPLAINT** and this **CERTIFICATE OF SERVICE** on the above-named attorney of record by electronically filing the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Respectfully submitted,

**s/ Sue Hammoud**
Wayne County Corporation Counsel
500 Griswold, 11th Floor
Detroit, MI 48226
(313) 224-6669
shammoud@co.wayne.mi.us
Attorney Bar No. 64542